UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| MOLLY FITZPATRICK, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action Docket No. |
| | ) | |
| | ) | |
| CITY OF OLD TOWN and | ) | |
| KEITH EMERY | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

NOW COME Defendants City of Old Town and Keith Emery ("Defendants") and answers Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

1.     Defendants deny the allegations contained in paragraph 1 of the Complaint.

### STATEMENT OF FACTS

2.     Defendants are with knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, deny the same.

3.     Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.     Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.     Defendants are with knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, deny the same.

6.     Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.      Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants are with knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, deny the same.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants admit the allegations contained in paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in paragraph 23 of the Complaint.

24.     Defendants admit the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants admit that Fitzpatrick was taken to the Penobscot County Jail but deny the remaining allegations contained in paragraph 27 of the Complaint.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, deny the same.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants admit that Officer Emery requested that charges be dropped but deny the rest of the allegations contained in paragraph 30 of the Complaint.

**COUNT I**
**UNLAWFUL ARREST**
**(42 U.S.C. § 1983)**
**(Fitzpatrick v. Emery in his Official and Individual Capacities)**

31.     Defendants repeat and reallege their responses contained in paragraphs 1 through 30 herein.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     The allegations contained in paragraph 32 of the complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 33 of the complaint.

34.     Defendants admit that the language in paragraph 34 of the Complaint is part of §17(2).

35.     Defendants admit that the language in paragraph 35 of the Complaint is part of §17(2).

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants admit the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

WHEREFORE, Defendants demand judgment in their favor, plus costs of suit.

## COUNT II
## UNLAWFUL ARREST
## (42 U.S.C. § 1983)
## (Fitzpatrick v. City of Old Town)

44.     Defendants repeat and reallege their responses contained in paragraphs 1 through 43 herein.

45.     The allegations contained in paragraph 45 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

WHEREFORE, Defendants demand judgment in their favor, plus costs of suit.

## AFFIRMATIVE DEFENSES

1.     Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3.      Defendants affirmatively defend by stating that their conduct was privileged.

4.      Defendants affirmatively defend by stating that Plaintiff has failed to mitigate her own damages.

5.      Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

6.      If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

7.      Any action taken by these Defendants was based upon probable cause.

8.      Defendant municipality has no liability for damages because the conduct of its employee did not violate clearly established law, therefore any alleged failure to hire, train, manage, discipline, or supervise could not have been a proximate cause of Plaintiff's damages.

9.      Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

10.      No clearly established rights of Plaintiff were violated by Defendants' actions.

11.      The decision to arrest Plaintiff and any force used by Defendant Emery in taking Plaintiff into custody were objectively reasonable in light of the facts and circumstances surrounding the incident.

12.      The amount of force used, if any, by Defendant Emery was only that amount which he also subjectively believed was reasonable and necessary under the circumstances.

13.      Plaintiff's claim is barred by the doctrine of estoppel and/or preclusion.

14.    Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any municipal policy or custom, or by any conduct of the individual Defendant.

## JURY DEMAND

Defendants City of Old Town and Emery hereby demand a trial by jury pursuant to F.R.Civ.P. 38(b).

Dated at Portland, Maine this 9th day of February, 2016.

/s/ Edward R. Benjamin, Jr.
Edward R. Benjamin, Jr.

/s/ Kasia S. Park
Kasia S. Park

Attorneys for Defendants

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

6

CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr., attorney for Defendants, hereby certify that on February 9, 2015, I electronically filed Defendants' Answer to Complaint with the Clerk of Court via e-mail at newcases.bangor@med.uscourts.gov.  I also certify that I made service of the foregoing, by depositing a true copy of same, on this date, in the U.S. Mail, postage prepaid to:

> Walter F. McKee
> Matthew D. Morgan
> McKee Billings, LLC, P.A.
> 133 State Street
> Augusta, ME  04330

> /s/ Edward R. Benjamin, Jr.
> Edward R. Benjamin, Jr.
> Attorney for Defendants

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com